IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action 1:14-00510-KKD-CSC |
| | ) |
| SONYA MICHELLE PITTMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Sonya Michelle Pittman's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and motion for release pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (doc. 97), brief and evidence in support (doc. 97-1), the United States' response (doc. 99), Pittman's reply (doc. 100).[1]  Upon consideration, and for the reasons set forth herein, the motions are DENIED.

I.  Background

In 2014, Pittman was indicted and charged with the offenses of distribution of methamphetamine (Count One); possession with intent to distribute methamphetamine (Count Two); possession of a firearm in furtherance of a drug trafficking crime (Count Three); and felon in possession of a firearm (Count Four).  The United States filed an information notifying the Court that it intended to seek an enhanced sentence based upon Pittman's prior conviction for the offense of conspiracy to manufacture and possess with intent to distribute methamphetamine.  United States v. Pittman, Criminal Action No. 1:06-00170-WHA-CSC (M.D. Ala. 2006).

---

[1] The Court acknowledges receipt of two character reference letters.  The Court has also received letters from Pittman, which have not been docketed.  However, in reaching this decision, the Court has considered the information and evidence in the motion, response, and reply.

Pittman pled guilty to Count Two (doc. 63, judgment).  For purposes of the Sentencing Guidelines, Pittman was classified as a career offender. She had two prior felony drug convictions. Her total offense level was 34 and her criminal history category was VI. The advisory guidelines range was 262 months to 327 months imprisonment. In August 2015, she was sentenced to 240 months in prison, the statutory minimum sentence (doc. 63).

Pittman is now 47 years old.  Her release date is January 1, 2032.  She has served approximately 7 years of her sentence.  She is incarcerated at FCI Tallahassee, in Tallahassee, Florida.   At present, seven inmates are positive for Covid-19.  Three-hundred and ninety-seven inmates and sixty-two staff members have recovered from Covid-19. No deaths were reported. https://www.bop.gov/coronavirus/ (last visited August 27, 2021).

  II.  Motion for Reduction of Sentence and/or Compassionate Release

  A.  Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Pittman submitted a request to the Warden at FCI Coleman to file a motion on her behalf and the request was denied May 6, 2020 (doc. 97-1, p. 6, Warden's denial).  Pittman's motion is dated July 7, 2020, and it was docketed August 13, 2020 (doc. 97).  Although the Court does not know when the Warden received Pittman's request, it must have been received before May 6, 2020,

the date of denial.  Since more than thirty days lapsed before Pittman mailed[2] her motion on July 7, 2020, she has met this statutory prerequisite for consideration.

    B.    <u>Analysis</u>

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010); <u>United States v. Shaw</u>, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See <u>United States v. Pubien</u>, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020).

In relevant part,[3] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, <u>see supra</u>, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A).  Instead, Congress gave the Sentencing Commission the duty to promulgate general

---

[2] See <u>Burke v. United States,</u> 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it.  The government bears the burden of proving that the motion was delivered to prison authorities on a different date.") (citing <u>Jeffries v. United States,</u> 748 F.3d 1310, 1314 (11th Cir. 2014)).

policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  The applicable Policy Statement is found at U.S.S.G. § 1B1.13. United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021).

With respect to extraordinary and compelling reasons, Pittman alleges that she has a body mass index greater than 30, which places her at increased risk of serious illness or death should she contract the Covid 19 virus.  In her reply, Pittman states that she is 5'6" tall and weighs 202 pounds. Therefore, her body mass index (BMI) would be 32.6.  Pittman also alleges that other factors increase her risk of contracting Covid 19.  Specifically, she cannot practice social distancing in the prison environment and other inmates and staff are not following mask, safety, and sanitation protocols. Pittman also alleges that she has chronic mental health issues which have worsened with the quarantine procedures in place during the Covid 19 pandemic.

According to the Centers for Disease Control and Prevention (CDC), obesity "increases the risk of severe illness from COVID-19".  https://www.cdc.gov/obesity/data/obesity-and-covid-19.html  (last visited August 27, 2021). Also, a BMI of 30.0 or higher is considered obese. https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited August 27, 2021); https://www.cdc.gov/obesity/adult/defining.html (same).

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

[4]  Based upon CDC guidance, Pittman's obesity during the Covid 19 pandemic may allow her to

---

[3] Since Pittman is 47 years old, only subparagraph (i) could apply.   Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).
[4] Pittman does not allege that she has a terminal illness, a serious functional or cognitive impairment, or that she is experiencing deteriorating physical or mental health because of the aging

fall within the criteria of Application Note 1(A)(ii)(I), which provides that an extraordinary and compelling reason exists if the defendant is -

> (I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

However, even if Pittman meets her burden to show extraordinary and compelling reasons which warrant a sentence reduction under Application Note 1(A)(ii)(I), the Court must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce the term of imprisonment . . . **after** considering the [applicable] factors set forth in 18 U.S.C. § 3553(a).") (emphasis added). "The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent

---

process, such that her ability to provide self-care in prison is substantially diminished. U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II) & (III).  She does not allege that her family circumstances meet the criteria in Application Note 1(C), or that she meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(B) & (C). The decision in United States v. Bryant, limits the use of Application Note 1(D). 996 F. 3d at 1247-1248.  Application Note 1(D) provides that extraordinary and compelling reasons "other than" or in combination with the reasons in Application Notes 1(A)-(C), may exist. U.S.S.G. § 1B1.13, cmt. n.1(D). The Court of Appeals for the Eleventh Circuit recently clarified that these reasons "other than" or "in combination with" are limited to those reasons as determined by the Director. United States v. Bryant, 996 F. 3d at 1247-1248.  In that regard, the Bureau of Prisons Program Statement 5050.50, which applies to reductions of sentence under § 3582(c)(1)(A), in relevant part, provides for consideration of a reduction of sentence where the inmate has a medical condition from which they will not recover, and that renders the inmate "completely disabled … or capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." The evidence does not indicate that Pittman's medical conditions fall within these parameters.

policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims." United States v. Granda, 852 Fed. Appx. 442, 445 n.1 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

In that regard, the Court has considered the relevant factors and the parties' respective positions, including the United States' response to Pittman's motion.[5] With regard to the nature and circumstances of the offense and Pittman's history and characteristics, the Court finds that these factors do not weigh in favor of a reduction in sentence. Specifically, Pittman committed the instant methamphetamine offense, after she had served concurrent sentences for prior state and federal convictions for controlled substance offenses.

In United States v. Pittman, Criminal Action No. 1:06-00170-WHA-CSC (M.D. Ala. 2006). Pittman was indicted along with ten co-defendants for conspiracy to possess with intent to distribute methamphetamine. Although not considered a leader or organizer, she was part of a significant drug-trafficking conspiracy. Pittman was initially placed on conditions of release (home confinement). However, she violated her conditions. Although the petition to revoke was denied, Pittman was placed on home incarceration. On May 21, 2007, Pittman was sentenced to serve twenty-one months in prison and five years of supervised release. Her sentence would be served concurrently with any sentence imposed for cases pending in Coffee County, Alabama. In October 2007, Pittman was sentenced by the State of Alabama to a total of two years for four controlled substance offenses. Her state sentence was to be served concurrent with her federal sentence.

In this action, Pittman was indicted October 16, 2014, for the offenses of distribution of methamphetamine, possession with intent to distribute methamphetamine, possession of a firearm

---

[5] "Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. … Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient." United States v. Granda, 852 Fed. Appx. at 446 (citations omitted).

during and in relation to a drug-trafficking crime, and felon in possession of a firearm (Counts One through Four) (doc. 1). Pittman entered a plea of guilty to Count Two of the indictment. According to the Presentence Investigation Report, Pittman was classified as a career offender. On July 30, 2015, she was sentenced to a term of 240 months, the mandatory minimum.[6]

Therefore, in this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, Pittman's motion for compassionate release is due to be denied.

   III. Coronavirus Aid, Relief, and Economic Security Act (CARES Act)

Previously, the Bureau of Prisons was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (as amended by the First Step Act of 2018, Pub. L. 115-391, Title I, § 102(b)(1), Title VI, § 602, 132 Stat. 5210, 5233, 5238) (effective Dec. 21, 2018). Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[7] On April 3, 2020, Attorney General William Barr made this finding

---

[6] The Court notes that Pittman had several other convictions including possession of a stolen firearm (doc. 61).

[7] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, U United States Code, as the Director determines appropriate." CARES Act, Pub. Law 116-136, § 12003(b)(2) (2020).

and gave the Director authority to exercise this discretion. Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to grant motions to serve the remainder of a sentence on home confinement, or to direct or order the BOP to place a prisoner on home confinement.  Instead, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement".  Thus, to the extent that Pittman seeks relief pursuant to the CARES Act, the Court cannot grant the relief she requests. Accordingly, her motion is denied.  See United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (finding that a "request for home confinement under the CARES Act is different from a reduction-in-sentence (RIS) request based upon compassionate release" and that the statutes which implement the CARES Act, 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, "do not authorize a federal court to order the BOP to release a prisoner.").

DONE this the 13th day of September 2021.

                                                  **s / Kristi K. DuBose**
                                                  **KRISTI K. DuBOSE**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**